Judge Lane
delivered the opinion of the court;
The case of Samuel Kazer bears some resemblance to that of ‘Turner. He was tried in the court of Delaware county for arson, and committed to the penitentiary. A writ of error was had, and the judgment was reversed for terrors in the proceedings of the common pleas, the court being of opinion that a new trial ought to be granted. The journal entry was nearly in the words •of the statute, commanding'the clerk to certify these proceedings to the keeper of the penitentiary, but it contained no order to the common pleas to proceed in his trial, nor does the statute require in terms the entry of such an order. The statute in these cases requires the keeper of the penitentiary to take the person to the county from which he was sent, and commit him to the, custody of the sheriff. These requisitions were complied with, but the court of common pleas declined proceeding in the trial, being of opinion that they had no jurisdiction. This court can discover no weight in the objections of the common pleas to proceeding in this trial, when the prisoner stood indicted before them of a crime, which they alone, by the constitution, are competent to try; and are opinion that a mandamus might be issued to compel them to act; but as a peremptory mandamus is not ordered in these cases in thé first instance, we believe the ends of justice will be attended with equal certainty and more speed by procedendo. '